UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICKY A. WILCOXEN, | ) | |
| | ) | |
| Plaintiff, | ) | 11-CV-3339 |
| | ) | |
| v. | ) | |
| | ) | |
| STEVE DREDGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

Plaintiff proceeds pro se from his detention in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. He pursues a constitutional claim that the facility provided him inedible food by serving mechanically separated chicken which arrived in boxes marked "for further processing only." He also pursues a constitutional claim arising from the alleged unsanitary food storage, preparation, and serving practices at the facility.

Before the Court are Defendants' motions for summary judgment. The motions are denied with leave to renew because the Court needs more information and briefing.

## Background

On December 20, 2010, four residents detained in the Rushville Treatment and Detention Center filed a purported class action challenging, as is relevant to this case, the serving of mechanically separated chicken from boxes marked "for further processing only." Smego v. Ill. Dept. of Human Serv., 10cv3334 (C.D. Ill.). On June 2, 2011, the plaintiffs' motion for class certification in that case was denied because they were pro se. (10cv3334, d/e 43, p. 2.) A flood ensued of over 60 additional cases filed by some 80 other residents regarding the same issues.

The additional plaintiffs were joined into the original case, and Plaintiff Richard Smego was designated as spokesperson. Id. d/e 336. The Court was eventually able to recruit pro bono counsel, but only for the plaintiffs in the original case. The claims of the rest of the plaintiffs were severed and stayed, with the hopes that the resolution of the original case might resolve the other cases or help guide the Court in resolving the other cases.

Summary judgment was denied in the original case, and then the original case settled in July 2014. Part of the settlement was an

agreement that the mechanically separated chicken labeled "for further processing only" would no longer be served at the facility.

After the original case settled, the plaintiffs in the other cases were given an opportunity to file an amended complaint if they still wished to proceed with their claims. Six of those cases remain, including this one, which is now at the summary judgment stage.

### Legal Standard Applicable to Civil Detainee's Claim

The Fourteenth Amendment due process clause governs rather than the Eighth Amendment because Plaintiff is a civil detainee, not a prisoner serving a sentence. The Supreme Court stated in <u>Youngberg v. Romeo</u> that "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." 457 U.S. 307, 322 (1982). This difference was reiterated by the Seventh Circuit in <u>Hughes v. Scott</u>, 816 F.3d 955, 956 (7th Cir. 2016); s*ee also* <u>McGee v. Adams</u>, 721 F.3d 474, 480 (7th Cir. 2013)(citing <u>Youngberg</u> but noting that "the Supreme Court has not determined how much additional protection civil detainees are entitled to beyond the protections afforded by the Eighth Amendment bar on cruel and unusual

punishment."); Rice ex rel. Rice v. Correctional Medical Services, 675 F.3d 650, 664 (7th Cir. 2012)( "[T]he Supreme Court has not yet determined just how much additional protection the Fourteenth Amendment gives to pretrial detainees.").

In application, the Fourteenth Amendment standard thus far appears indistinguishable from the Eighth Amendment standard on conditions of confinement claims.  For example, the Seventh Circuit has stated that a conditions of confinement claim by a civil detainee requires an objectively serious deprivation and deliberate indifference by the defendant.  Sain v. Wood, 512 F.3d 886, 894 (7th Cir. 2008).  This is the same standard governing an Eighth Amendment conditions of confinement claim by a prisoner.  The Seventh Circuit more recently confirmed in Smith v. Dart, 803 F.3d 304, 310 (7th Cir. 2015), that "[w]e have held that there is little practical difference, if any, between the standards applicable to pretrial detainees and convicted inmates when it comes to conditions of confinement claims, and that such claims brought under the Fourteenth Amendment are appropriately analyzed under the Eighth Amendment test."

However, the Seventh Circuit has also recently acknowledged the difficulty of defining the legal standard applicable to detainees, noting the "shifting sands of present day case authority." Werner v. Wall, 836 F.3d 751, 759 (7th Cir. 2016). In Smith v. Dart, even though confirming the appropriateness of relying on Eighth Amendment cases, the Seventh Circuit stated in dicta that the subjective element requires a "'purposeful, a knowing, or a possibly reckless state of mind,'" arguably a lower hurdle than deliberate indifference. 803 F.3d 304 n. 2 (quoted cite omitted). That dicta was ultimately referring to the Supreme Court case of Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015), which held that a defendant's subjective state of mind in a pretrial detainee's excessive force claim was relevant only to the extent that the defendant's actions were "purposeful or knowing." After Kingsley, though, the Seventh Circuit has continued to rely on the deliberate indifference standard to pretrial detainees' claims for lack of medical care. *See, e.g.,* Daniel v. Cook County, 833 F.3d 728, 732-33 (2016).

This case may require the Court determine what "additional protections" are afforded a civil detainee as compared to a prisoner

in relation to conditions of confinement. The question might be avoided as to the Defendants employed by the State if they are entitled to qualified immunity, but Defendant Dredge, an employee of a private contractor, does not appear to be entitled to assert qualified immunity. Zaya v. Sood, 836 F.3d 800, 807 (7th Cir. 2016)("The Supreme Court has held that employees of privately operated prisons may not assert a qualified-immunity defense. . . . We have construed that holding to extend to employees of private corporations that contract with the state to provide medical care for prison inmates.)(citations omitted). Defendants will be directed to address this issue in more detail in their renewed motions for summary judgment, addressing not only cases in this Circuit but also any cases on point in other Circuits.

## Summary Judgment Motions

At the summary judgment stage, evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists when a reasonable juror could find for the nonmovant. Id.

Plaintiff testified in his deposition that he twice ate the mechanically separated chicken marked "for further processing only," which smelled like "wet chicken coop," each time experiencing stomach cramps about 20 minutes later and ultimately vomiting. (Pl.'s Dep. 39, 40, 42, 66.) Plaintiff was sometimes able to eat the product, though, without problem, and he also testified that he could not be certain exactly what caused the reaction he had, and he lost no weight. (Pl.'s Dep. 36, 44, 56.) Plaintiff also testified in his deposition that the food trays are frequently not properly washed and dried, that he saw bugs on the trays of other residents twice, that the trays are wet, that food which is supposed to be hot is often cold, and that the trays are stacked on top of each other when delivered, with only the top tray covered with a lid. (Pl.'s Dep. 47-49.)

Before determining whether a jury trial is necessary, the Court needs more information on the division of responsibilities between DHS and Aramark regarding the food service. Additionally, the Court needs more information on the procedures, training, and supervision in place to ensure that food is prepared, served, and stored in a sanitary manner. The Court also needs extensive

briefing on the legal standard debate discussed above. Defendants will be given an opportunity to renew their motions with this information.

**THEREFORE, IT IS ORDERED THAT:**

(1) This case is referred to the Magistrate for a settlement conference.

(2) The motions for summary judgment by Defendants are denied (41, 50), with leave to renew 30 days after the settlement conference is held, if no settlement is reached.

**(3) The clerk is directed to notify the Magistrate Judge of the referral.**

**(4) The clerk is directed to send Plaintiff a copy of Local Rule 7.1(D).**

ENTER:     February 17, 2017

FOR THE COURT:

                                          **s/Sue E. Myerscough**
                                          SUE E. MYERSCOUGH
                                          UNITED STATES DISTRICT JUDGE